JUAN LEDUX, Plaintiff and Appellant, *v.* MARÍA DELGADO, Defendant and Appellee.

No. 4041. Argued March 17, 1927.—Decided April 26, 1927.

*Manuel F. Rossy* for the appellant.    *Acuña & Janer* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Juàn Ledux sued Maria Delgado for divorce. The court rendered judgment for the defendant. The supposed grounds for divorce were set out in paragraph four as follows:

That some years ago there arose between the husband and wife an incompatibility of character due to the rare and extraordinary temper of the wife who did not care to have anything to do with the husband; who did not wish to talk to him, answering acrimoniously to the few questions he put to her about matters of the marriage, and for this reason it was that he stopped talking to her to avoid dissensions and frequent quarrels occasioned specially by harsh censure with which she criticized everything connected with her husband, frequently using harsh and coarse words against him in his very presence. That this thing reached such a point that one day she threw a dish of food at her husband, striking him and being spilled on the floor. This fixed the determination of the husband to leave the domestic hearth where he has not returned to live because it was impossible for him to have any understanding with his wife who was on every occasion more exasperating and irritable.

The complaint also sets up that the couple were married on the 23rd of November, 1918, but did not set up the date on which the husband left the house.

The evidence of the husband at best tended to show that the quarrels between the husband and wife wherein she was supposed to have used bad language to him, all took place before the year 1924, when he left the house. That the supposed incident of throwing a dish of beans at the husband was the only one that took place shortly before the said departure.

Besides the husband, there was one witness who testified to the throwing of the dish of beans, but the court below

evidently did not believe the testimony of this witness. The court said that the witness was not entitled to much belief.

On the other hand, as the court pointed out, the witnesses of the defendant were positive in their statements that no such thing to which the witnesses of the husband testified had ever taken place. One of the defendant's witnesses was the plaintiff's own mother who had lived for years with the young couple. She gave the strongest recommendations to her daughter-in-law and specifically denied, no objection being made to her testimony, that the throwing of the dish of beans had ever happened. Similarly, a brother of the plaintiff testified that the conduct of the wife had always been exemplary.

Even without the finding of the court we should be convinced that the complaint did not make out a case for divorce. With the finding of the court below and its account of the evidence it would be impossible to reverse this case.

The appellee also says that it is the constant jurisprudence of this court that a single act of violence will not justify a divorce. While cases might be imagined where a single act of violence might constitute grounds for divorce, such a case did not arise in the record before us.

The judgment appealed from should be affirmed.